IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02573-MSK-CBS

RAY MONDRAGON,
    Plaintiff,
v.

DOUG CAMPING,
KEVIN CAMPING, and
CAMPING COMPANIES,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendants' Motion to Dismiss. Pursuant to the Order of Reference dated March 8, 2013 (Doc. # 19) and the memorandum dated April 11, 2013 (Doc. # 30), this matter was referred to the Magistrate Judge.

I.    Statement of the Case

    Proceeding *pro se*, Mr. Mondragon commenced this action on September 27, 2012. (*See* Complaint (Doc. # 1)). At the court's direction, Mr. Mondragon filed his Amended Complaint on February 13, 2013. (*See* Docs. ## 8-15). Mr. Mondragon alleges that "[o]n or about October 17, 2010, [a]n employee of [C]amping [S]ervices, which is owned by Doug and Kevin Camping, provided false information to police and destroyed private property." (*See* Doc. # 15). He alleges that after the police received the false report, he was arrested and detained based on additional false information provided to the assistant county prosecutor by the Defendants. (*See* Doc. # 15). Mr. Mondragon seeks compensatory damages in excess of $75,000.00. (*See* Docs. # 15, # 11).

II.    Standard of Review

    Defendant moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Mr. Mondragon has not filed any response to Defendants' Motion to Dismiss.  The court held a Preliminary Scheduling Conference on May 15, 2013.  (*See* Courtroom Minutes/Minute Order (Doc. # 37)).  When Mr. Mondragon did not appear at the Conference, chambers staff contacted him by telephone and he participated via telephone.  During the Conference, the court directed Mr. Mondragon to file his response to Defendants' Motion to Dismiss on or before May 3, 2013.  (*See* Doc. # 31). The court extended the deadline for Mr. Mondragon's response to May 22, 2013 and again to June 28, 2013.  (*See* Docs. # 37, # 40)).  As of this date, Mr. Mondragon has not filed any response to the Motion.

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted).  "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted).  "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

Because Mr. Mondragon appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that

a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008) (the court cannot be a pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

The court has reviewed Defendants' Motion, the matters discussed at the Preliminary Scheduling Conference held on May 15, 2013 (*see* Courtroom Minutes/Minute Order (Doc. # 37)), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

III.   Analysis

A.   Statute of Limitations

Because Mr. Mondragon invokes the parties' diversity of citizenship as the basis of the court's subject matter jurisdiction in this case, the court applies Colorado law to his claims, including Colorado law relating to statutes of limitations. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)), *overruled on other grounds by Hanna v. Plumer*, 380 U.S. 460, (1965). "Whether a [Colorado] statute of limitations bars a particular claim is a question of fact," but the issue may be decided as a matter of law "if undisputed facts demonstrate that the plaintiff had the requisite information as of a particular date." *Trigg v. State Farm Mut. Auto. Ins. Co.*, 129 P.3d 1099, 1101 (Colo. App. 2005).

Mr. Mondragon alleges that he "brings the charges of false imprisonment, negligence, false reports made to authorities, destruction of private property, cruel and unusual punishment, [p]ain and suffering, defamation of character, slander, assault, harassment, falsifying documents, fraud, theft and conspiracy." (*See* Doc. # 15 at 6 of 6). In Colorado, claims of assault, battery, false imprisonment, false arrest, libel, and slander are subject to a one-year statute of limitations. Colo.

Rev. Stat. § 13–80–103(1)(a). A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3(a). Mr. Mondragon alleges that Defendants' actions occurred "on or about October 17th 2010." (*See* Doc. # 15). Mr. Mondragon filed his initial Complaint on September 27, 2012. Accordingly, his claims for false imprisonment, defamation of character, slander, and assault appear to be barred by the one-year statute of limitations.

Under Colorado law, "[t]ort actions, including but not limited to actions for negligence, . . . malicious abuse of process, malicious prosecution, . . .[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute," and "[a]ll other actions of every kind for which no other period of limitation is provided" are subject to a two-year statute of limitations. Colo. Rev. Stat. § 13–80–102(1)(a), (g), (i). *See also Michaelson v. Michaelson*, 923 P.2d 237, (Colo. App. 1995) (statute of limitations in Colo. Rev. Stat. § 13-80-102 applies to a civil theft claim brought under Colorado's stolen property statute, Colo. Rev. Stat. § 18-4-405), *rev'd on other grounds*, 939 P.2d 835 (Colo. 1997). Mr. Mondragon first alleged his claims for negligence, false reports made to authorities, conspiracy, and theft in the Amended Complaint filed on February 13, 2013, more than two years after the claims accrued.[1] Thus, his claims for negligence, false reports made to authorities, conspiracy, and theft appear to be barred by the two-year statute of limitations.[2]

---

[1] An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint. *See Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1204-05 (7th Cir.1998) (in deciding to dismiss amended complaint, court could not rely on factual allegations made in original complaint but not repeated or incorporated into amended one); *Hibernia Nat'l Bank v. Carner,* 997 F.2d 94, 101-02 (5th Cir.1993) (defendant could not defeat summary judgment motion by relying on allegation made in original complaint but changed in amended complaint); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted); *Davenport v. Saint Mary Hospital*, 633 F. Supp. 1228, 1239 (E.D. Pa. 1986) (court declined to address issue plaintiff did not allege in amended complaint that superseded original complaint); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").

[2] Mr. Mondragon does not suggest that his amended pleading relates back to the date of his initial pleading for purposes of determining whether or not the statute of limitations has expired. *See* Fed. R. Civ. P. 15(c). Nor does he assert any basis for tolling the statute of limitations. *See Deutsche Bank Trust Company Americas v. Samora*, ___ P.3d ___, No.

B.  Additional Claims

Mr. Mondragon "brings the charges of . . . fraud," among other things. (*See* Doc. # 15 at 6 of 6). Fed. R. Civ. P. 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In the Tenth Circuit, a complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation marks and citation omitted). *See also Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986) ("Rule 9(b) . . . only requires identification of the circumstances constituting fraud or mistake.") (internal quotation and citation omitted). "That requirement means, in the instant case, that individual plaintiffs should identify particular defendants with whom they dealt directly, . . . that individual plaintiffs should designate the occasions on which affirmative misstatements were allegedly made to them-and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them-and how." *Id.*

Mr. Mondragon does not allege with particularity the place and contents of any false representation, the identity of the party making the false statements, or the consequences thereof. The Amended Complaint does not meet the pleading requirements of Rule 9(b). To the extent that Mr. Mondragon alleges a claim for fraud, such claim is properly dismissed for failure to state a claim upon which relief can be granted. *See Seattle-First*, 800 F.2d at 1011 ("The dismissal of a complaint . . . for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).) (citation omitted).

To the extent that Mr. Mondragon alleges "harassment" (*See* Doc. # 15 at 6 of 6), there are no independently recognized state law civil claims for "harassment." Colorado law provides proscriptions for harassment in the form of the criminal statutes "Harassment – stalking," Colo. Rev. Stat. § 18-9-111, and "Bias-motivated crimes," Colo. Rev. Stat. § 18-9-121. Because these criminal

---

12CA0872, 2013 WL 2338183, at * 5 (Colo. App. May 23, 2013) ("[E]quitable tolling of a statute of limitations[ ] is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts.") (internal quotation marks and citation omitted).

statutes do not expressly provide a private cause of action and Mr. Mondragon has not made allegations that relate to these statutes, he does not have standing to bring claims under criminal statutes.  *See generally, Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("private citizens generally have no standing to institute criminal proceedings").  Mr. Mondragon has not sufficiently alleged a plausible claim for "harassment."

To the extent that Mr. Mondragon "brings the charges of . . . pain and suffering" (*see* Doc. # 15 at 6 of 6), there is no legally recognized independent claim for "pain and suffering."  "Pain and suffering" is a category of damages that a plaintiff may recover, rather than a claim for relief.  *See, e.g., Pringle v. Valdez*, 171 P.3d 624, 628 (Colo. 2007) ("Pain and suffering is commonly understood to encompass all noneconomic damages"); *Goodson v. American Standard of Ins. Co. of Wisc.*, 89 P.3d 409, 415 (Colo. 2004) ("Non-economic losses recognized under the rubric of compensatory damages include emotional distress; pain and suffering; inconvenience; fear and anxiety; and impairment of the quality of life").  Mr. Mondragon's a claim for relief for "pain and suffering" is properly dismissed for failure to state a claim upon which relief can be granted.

Mr. Mondragon also "brings the charges of . . . cruel and unusual punishment." (*See* Doc. # 15 at 6 of 6).  The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "The Eighth Amendment prohibits barbaric punishment and sentences disproportionate to the crime committed." *United States v. Newsome*, 898 F.2d 119, 121-22 (10th Cir. 1990).  "[T]he Cruel and Unusual Punishments Clause deals exclusively with the criminal process and criminal punishments."  *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 217 (Colo. 1984).  "First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such."  *Id.* (internal quotation marks and citations omitted).  "The primary purpose of [the Cruel and Unusual Punishments Clause] has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes."  *Id.  See also People v. Stark*,

400 P.2d 923, 926-28 (Colo. 1965) ("[U]ntil some person has been convicted of a crime and a sentence has been imposed which is then asserted to be cruel and unusual there is no justiciable question presented."). "The Clause, therefore, has no application to a civil proceeding involving a punitive damages claim ancillary to a civil cause of action." *Palmer*, 684 P.2d at 217.  Mr. Mondragon's claim for "cruel and unusual punishment is properly dismissed for failure to state a claim upon which relief can be granted.

Mr. Mondragon's claim for "falsifying documents" is not a civil claim recognized under Colorado law.  Mr. Mondragon also alleges "destruction of private property." (*See* Doc. # 15 at 6 of 6).  However, he does not allege the basis of the claim for the destruction of private property or identify what property was damaged.  These two claims are properly dismissed for failure to state a claim for which relief can be granted.  In sum, Mr. Mondragon's isolated allegations of "fraud," "harassment," "[p]ain and suffering," "cruel and unusual punishment," "falsifying documents," and "destruction of private property," do not state sufficient facts "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and do not meet the pleading requirements of the Federal Rules of Civil Procedure.

IV.   Conclusion

As Mr. Mondragon fails to state a claim for relief in his Amended Complaint, this civil action is properly dismissed.  Accordingly, IT IS RECOMMENDED that Defendants' Motion to Dismiss (filed March 27, 2013) (Doc. # 24) be GRANTED and that this civil action be dismissed in its entirety.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de*

*novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 31st day of July, 2013.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge